IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SHERNAYE JOHNSON, as Next of
Kin and Personal Representative of
the ESTATE OF DEBRA JOHNSON,

    Plaintiff,

v.                                                             Case No. 2:22-cv-2355-MSN-tmp
                                                                JURY DEMAND

WARDEN JOHNNY FITZ,
WEST TENNESSEE STATE
PENITENTIARY, and UNKNOWN
OFFICERS,

    Defendants.

---

## ORDER GRANTING MOTIONS TO DISMISS
---

Before the Court are Defendants' Motion to Dismiss ("First Motion," ECF No. 8), filed September 2, 2022, and Defendant Johnny Fitz's Motion to Dismiss Johnny Fitz in His Individual Capacity ("Second Motion," ECF No. 13), filed February 17, 2023. Plaintiff filed a Response in opposition to the First Motion on October 17, 2022, (ECF No. 11), to which Defendants Replied on October 19, 2022 (ECF No. 12). Plaintiff filed a Response to the Second Motion on March 2, 2023. (ECF No. 13.) For the reasons set forth below, the Motions are **GRANTED.**

## BACKGROUND

This case arises out of the senseless murder of Debra Johnson, an employee of the Tennessee Department of Corrections, by Curtis Watson, an inmate at the West Tennessee State Penitentiary ("WTSP"). (ECF No. 1 at PageID 1–2.) According to the Complaint, "sometime before 8:45 A.M. on August 7, 2019, [Mr.] Watson 'disappeared' from his job post without

notifying corrections officers of where he was going" and proceeded to sexually assault and murder Ms. Johnson while she was in her home on the WTSP campus. (*Id.* at PageID 2–3.) He then fled the prison grounds on a stolen tractor before ultimately being captured following a five-day manhunt. (*Id.* at PageID 3.)

On June 8, 2022, Plaintiff filed a Complaint for damages under "42 U.S.C. §§ 1983, 1988, the Constitution of the United States, premises liability and negligence / gross negligence under state law." (ECF No. 1 at PageID 1.)

**STANDARD OF REVIEW**

**I. FIRST MOTION (DEFENDANTS WTSP, FITZ (IN HIS OFFICIAL CAPACITY), AND UNKNOWN OFFICER DEFENDANTS)**

The First Motion seeks dismissal of WTSP and Defendant Fitz (in his official capacity) for lack of subject matter jurisdiction.[1] (ECF No. 8 at PageID 24.) Under Rule 12(b)(1), a defendant may move to dismiss a complaint on the grounds that the court lacks subject matter jurisdiction. Here, WTSP and Defendant Fitz (in his official capacity) argue that the Court lacks jurisdiction over Plaintiff's § 1983 and state claims against them because the Eleventh Amendment bars suit here. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Accordingly, "[t]he sovereign immunity guaranteed by this Amendment deprives federal courts of

---

[1] Defendants technically filed the Motion currently before the Court as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). But because the Motion argues that the federal claims against WTSP and Defendant Fitz (in his official capacity) should be dismissed for lack of subject matter jurisdiction and references an Order in a previously-filed matter dismissing these claims under Fed. R. Civ. P. 12(b)(1), the Court construes the Motion to Dismiss as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

subject-matter jurisdiction when a citizen sues his own State." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

The specific grounds for dismissing the Unknown Officer Defendants is not explicit in Defendants' Motion, but Defendants appear to argue that dismissal of these Defendants is appropriate under Rule 12(b)(6) because any claims against them are time-barred. (ECF No. 8-1 at PageID 31.)  Fed. R. Civ. P. 12(b)(6) "'is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations.'" *Engleson v. Unum Life Ins. Co. of America*, 723 F.3d 611, 616 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). If "the allegations in the complaint affirmatively show that the claim is time-barred," however, "dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo*, 676 F.3d at 547.

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  Using this framework, the court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556.

## II.     SECOND MOTION (DEFENDANT FITZ (IN HIS INDIVIDUAL CAPACITY))

The Second Motion seeks dismissal of Defendant Fitz (in his individual capacity) for lack of effective service under Federal Rule of Civil Procedure 4(m) and Local Rule 7.2. (ECF No. 13 at PageID 46). Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

## **DISCUSSION**

## I.     FIRST MOTION

Defendant Fitz (in his official capacity), WTSP, and Unknown Officer Defendants move for dismissal on two grounds: (1) the Western District Court of Tennessee has already dismissed Plaintiff's § 1983 and state claims against Defendant Fitz (in his official capacity) and WTSP, and (2) the statute of limitations has run on the Unknown Officer Defendants. (ECF No. 8 at PageID 24.)

### A.     WTSP and Defendant Fitz (in His Official Capacity)

Defendants allege that Plaintiff previously brought this Complaint in *Johnson v. State of Tennessee*, No. 2:20-cv-02581-TLP-atc, 2021 WL 1823115 (W.D. Tenn. 2021) ("First Case"). (*Id.* at PageID 27.)[2]  In that case, Defendants moved for dismissal of Plaintiff's § 1983 claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that the Eleventh Amendment barred

---

[2] The Complaints in this matter and in the First Case are nearly identical except for the inclusion of the State of Tennessee in the causes of action set forth in the First Case and some differences in the specific relief sought. The Court also notes that Plaintiff's Responses to Defendants' Motions to Dismiss are also largely identical to those submitted in the First Case, with some changes based on the differences just mentioned. When this Order discusses the disposition of Plaintiff's claims in the First Case, the ECF citations refer to the docket entries in that case.

Plaintiff's claims against the State of Tennessee, WTSP, and Defendant Fitz (in his official capacity). (ECF No. 9 at PageID 28.) They also argued that sovereign immunity and Tenn. Code Ann. § 9-8-307(h) barred Plaintiff's state law claims. (*Id.* at PageID 28–29.)

On May 6, 2021, the Court dismissed Plaintiff's § 1983 claim against the State of Tennessee, WTSP, and Defendant Fitz (in his official capacity) because the Eleventh Amendment provided sovereign immunity to those parties. (ECF No. 17 at PageID 79–82.) The Court also dismissed the state claims because Tennessee, WTSP, and Defendant Fitz (in his official capacity) were immune from suit on those claims in federal court. (*Id.* at PageID 89–91.)

On June 8, 2021, the parties entered a Stipulation of Voluntary Dismissal without prejudice. (ECF No. 21.) That same day, the Court entered a judgment dismissing Plaintiff's claims against the State of Tennessee, WTSP, and Defendant Fitz (in his official capacity) with prejudice, and dismissing Plaintiff's action against Defendant Fitz (in his individual capacity) without prejudice. (ECF No. 23 at PageID108–09.)

The Court grants Defendant's Motion to Dismiss Plaintiff's § 1983 and state claims against WTSP and Defendant Fitz (in his official capacity) for the reasons articulated by the Court in the First Case. (*See* ECF No. 17 at PageID 79–82 (in the First Case)). In short, the Eleventh Amendment bars Plaintiff's § 1983 claim against these parties and sovereign immunity and state law bar the state claims.[3] More specifically, "[§] 1983 does not abrogate Eleventh Amendment

---

[3] To the extent Defendants suggest that the Court should dismiss these claims because they have previously been dismissed against these parties, the Court does not consider claim or issue preclusion to apply to them. That is because "[t]he sovereign immunity guaranteed by [the Eleventh] Amendment deprives federal courts of subject-matter jurisdiction . . . ." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). And "[d]ismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000)).

immunity," *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017), and Tennessee[4] has not waived it, *see* Tenn. Code Ann. § 20-13-102. As to the state claims, Tennessee has consented to suit concerning state law claims seeking money damages, but not in federal court. *See* Tenn. Code Ann. § 9-8-307(f). The Court accordingly **GRANTS** the Motion to Dismiss Plaintiff's § 1983 claim and state claims against WTSP and Defendant Fitz (in his official capacity) under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### B. Unknown Officer Defendants

In the First Case, the Court dismissed Plaintiff's action against the Unknown Officer Defendants without prejudice because Plaintiff had neither identified nor served them. (ECF No. 23 at PageID 109.) Now, Defendants move to dismiss these claims on the grounds that they are barred by the statute of limitations. Specifically, they argue that "[t]he alleged activities giving rise to the causes of action in this case last occurred on August 7, 2019. Because it has been more than one year since the events, any claims against any John Doe defendants are time-barred and should be dismissed." (ECF No. 8-1 at PageID 31.) Plaintiff does not respond to this argument.

The Court agrees with Defendants and further notes that the Complaint shows the claim is time-barred. The Complaint describes the Unknown Officer Defendants as "those officers employed at WTSP who were responsible for the supervision and monitoring of Inmate Watson during his assigned work detail on August 7, 2019, and those officers who responded to reports that he had gone missing." (ECF No. 1 at PageID 2.) To date, Plaintiff has not identified or served any of the Unknown Officer Defendants. Even if she tried to do so now, the effort would be futile because the statute of limitations has passed. *See* Tenn. Code Ann. § 28-3-104 (setting forth a

---

[4] As explained in the First Case, state agencies and state officials sued in their individual capacity are considered "arms" of the state. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Kentucky v. Graham*, 472 U.S. 159, 169 (1985)).

one-year statute of limitations). As described in the Complaint, the allegations concerning the Unknown Officer Defendants stem from conduct that occurred on August 7, 2019. We are well beyond the one-year deadline at this point, and since "[s]ubstituting a named defendant for a 'John Doe' defendant is 'considered a change in parties, not a mere substitution of parties,'" any defendant Plaintiff sought to add in place of the Unknown Officers would not relate back to the date of the original pleading under Fed. R. Civ. P. 15(c). *Cooper v. Rhea Cnty., Tenn.*, 302 F.R.D. 195, 199 (E.D. Tenn. 2014) (quoting *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims against the Unknown Officer Defendants.

## II. SECOND MOTION

In the First Case, Defendants moved to dismiss Plaintiff's claims against Defendant Fitz (in his individual capacity) under Fed. R. Civ. P. 12(b)(1), arguing that the Court lacked subject matter jurisdiction since (1) Plaintiff had filed a workers' compensation claim based on the same "act or omission" involved in the § 1983 claim and (2) state law rendered Defendant Fitz immune from suit in his individual capacity on the state claims. (ECF No. 9 at PageID 28–29.) Alternatively, Defendants argued the §1983 claim should be dismissed under Fed. R. Civ. P 12(b)(6) because there is no *respondeat superior* liability in § 1983 claims. (*Id.* at PageID 29.) The Court dismissed Plaintiff's state claims against Defendant Fitz (in his individual capacity) because Tennessee law barred those claims. (ECF No. 17 at PageID 91.) It allowed Plaintiff's § 1983 claim against Defendant Fitz in his individual capacity to survive, however, because the Eleventh Amendment did not proscribe it, the Court could not yet determine whether Plaintiff's Complaint and her workers' compensation claim concerned the same "act or omission," and

because Plaintiff otherwise alleged a plausible § 1983 claim against Defendant Fitz. (ECF No. 17 at PageID 87–89.)

Now, Defendant Fitz argues that Plaintiff's claims against him in his individual capacity should be dismissed because Plaintiff, without good cause, failed to serve him in such capacity within the requisite 90 days. (ECF No. 13 at PageID 46.) In support of his Motion, Defendant Fitz asserts that Plaintiff's only attempt to serve him came in the form of a letter sent via email to the Tennessee Office of the Attorney General ("AG's Office"). (ECF No. 13-1 at PageID 48.) That letter stated, in relevant part: "Please find attached a Complaint and accompanying Summons to the West Tennessee State Penitentiary and to Warden John Fitz relative to the above captioned case."[5] (ECF No. 13-2 at PageID 50.) In response to the email, the AG's Office replied that "service was accepted on behalf of Warden John Fitz in his official capacity . . . ." (*Id.*) Plaintiff's email and the response by the AG's Office are in the record at ECF No. 13-2 and 13-3. In January 2023, the AG's Office reached out to Defendant Fitz to see if he had been served yet. (*Id.*) He replied that he had not. (*Id.*)

Fed. R. Civ. P. 4(e) sets forth the means of proper service. That rule provides that individuals may be served by:

(1) following state law for serving a summons in an action brought in courts of general

---

[5] Plaintiff argues in her Response that Defendant Fitz should have known he was being sued in his individual capacity, particularly because she previously sued him in his individual capacity. (ECF No. 14 at PageID 55.) The Court does not necessarily disagree, and further notes that it is clear from the Complaint that Plaintiff sued Defendant Fitz in both his individual and official capacities. (*See* ECF No. 1 at PageID 2 ("Warden Fitz is sued in his individual and official capacity for actions taken under color of state law.").) But Defendant does not argue that he was only sued in his official capacity. Rather, he contends that Plaintiff failed to properly *serve* him in his individual capacity. (*See* ECF No. 13 at PageID 46 (moving to dismiss due to the "failure to serve Warden Fitz in his individual capacity . . . .").)

8

>> jurisdiction in the state where the district court is located or where service is made[6]; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Stringing, Inc.*, 526 U.S. 344, 350 (1999)). Service in one's official capacity does not suffice to confer jurisdiction over them in their individual capacity. *Id.* (citing *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988) (per curiam)).

Plaintiff has not argued that she has accomplished service under any of the methods set forth in Fed. R. Civ. P. 4(e). Further, Defendant alleges that the only means of service attempted was through the email sent to the AG's Office, which neither party has suggested was authorized by law or appointment to receive service on Defendant Fitz's individual behalf. Accordingly, the Court finds that Plaintiff failed to sufficiently serve Defendant Fitz in his individual capacity.

---

[6] Tennessee Rule of Civil Procedure 4.04(1) tracks the Federal Rules and provides that for individuals who are not unmarried infants or incompetent, service shall be made "by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served."

Notwithstanding a failure to serve a defendant within the requisite timeframe, Fed. R. Civ. P. 4(m) requires a court to extend the time for service if good cause exists to do so. "Good cause" exists if there has been "a reasonable, diligent effort to timely effect service of process." *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir, 2004)). "But 'lack of prejudice and actual notice are insufficient' to establish good cause, as are 'mistake of counsel or ignorance of the rules.'" *Thul v. Haaland*, No. 22-5440, 2023 U.S. App. LEXIS 5046, at *6 (6th Cir. Mar. 1, 2023) (quoting *Johnson*, 835 F. App'x at 115). The "common denominator" among scenarios in which good cause exists "is that something outside the plaintiff's control prevents timely service." *Id.* (quoting *Savoie v. City of E. Lansing*, No. 21-2684, 2022 U.S. App. LEXIS 23854, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022)).

The Court does not find good cause to exist here. Plaintiff, applying Fed. R. Civ. P. 6(b), argues that the Court should grant an extension because (1) there would be no prejudice to Defendant Fitz in doing so, (2) it would not impact the judicial proceedings in this matter, (3) Defendant is responsible for any delay here because he did not assume he was being sued in his individual capacity and accept service in that capacity as well, and (4) Plaintiff acted in good faith.[7] But lack of prejudice and notice (which Plaintiff repeatedly argues existed) is not enough to create good cause. And while Plaintiff attempts to lay the blame at Defendant Fitz's feet, it was Plaintiff who failed to follow the rules of service, and Plaintiff's mistake or ignorance of the rules is insufficient to create good cause. Accordingly, the Court **DENIES** Plaintiff's request for an extension of time in which to properly serve Defendant Fitz in his individual capacity and **GRANTS** Defendant's Motion to Dismiss Plaintiff's claims against him in his individual capacity.

---

[7] Plaintiff also argues that the factor which asks if "the delay was within the reasonable control of the moving party" weighs in Plaintiff's favor but does not explain how. (ECF No. 14 at PageID 56.)

**CONCLUSION**

Plaintiff's action against WTSP and Defendant Fitz (in both his official and individual capacities) is **DISMISSED WITHOUT PREJUDICE**.[8]  Plaintiff's claims against Unknown Officer Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of September, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[8] The Judgment in the First Case dismissed Plaintiff's claims against the State of Tennessee, WTSP, and Defendant Fitz in his official capacity with prejudice.  (ECF No. 23 at PageID 108.)  This Court believes that dismissals for lack of subject matter jurisdiction should be without prejudice since they are not judgments on the merits.  *See, e.g., Fiore v. Smith*, No. 3:09-cv-359, 2010 U.S. Dist. LEXIS 60685, at *13 n. 4 (E.D. Tenn. June 17, 2010) (citing *Underfer v. Univ. of Toledo*, 36 F. App'x 831 (6th Cir. 2002) ("When a claim against the state . . . is barred by the Eleventh Amendment, that claim should be dismissed 'without prejudice' because the Eleventh Amendment serves as a bar to subject matter jurisdiction).  That being said, the Court recognizes that a court may dismiss a claim for lack of subject matter jurisdiction with prejudice as a sanction for misconduct or if the Complaint is frivolous.  *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005); *Jones v. United States*, No. 2:20-cv-2331, 2021 U.S. Dist. LEXIS 49162, 2021 WL 981298, at *3 (W.D. Tenn. Mar. 16, 2021) (citing *Meitzner v. Young*, No. 16-1479, 2016 WL 11588383, at *1 (6th Cir. Oct. 25, 2016).  The Court leaves this determination for the next court to decide should Plaintiff bring this Complaint a third time.